IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY SANTANA | : | CIVIL ACTION |
| v. | : | |
| TROY LEVI | : | NO. 07-cv-4339 |

FILED

MAR 25 2008

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### MEMORANDUM AND ORDER

Petitioner pled guilty on February 22, 2001 to charges made against him in 99-cr-631-4.

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of prisoners in federal custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from federal custody on the grounds that certain Constitutional[1] rights accruing to that prisoner have been violated; habeas corpus motions pursuant to AEDPA are the _only_ possible means of obtaining this type of relief from federal custody. Cradle v. United States ex rel Miner, 290 F.3d 536 (3rd Cir. 2002).

In cases involving prisoners in federal custody, AEDPA, if it applies at all, provides for relief by means of 28 U.S.C. §2255 (in some factual situations), or by means of 28 U.S.C. §2241 (in other factual situations). Relief pursuant to 28 U.S.C. §2255 for a petitioner who is in federal custody is limited by the terms of 28 U.S.C. §2255 itself to:

---

[1] For the purposes of brevity, we will use the term "Constitutional" to refer not only to attacks on alleged violations of the U.S. Constitution, but also to attacks based on alleged violations of federal statutes and treaties involving the United States.

1

1. a constitutional attack on the **imposition (and not the execution)** of a federal conviction and/or a federal sentence,

2.. such attack being made **after** the imposition of the federal sentence[2]

3. by a prisoner who is **in custody**.

Because in federal jurisprudence, a more specific statute takes precedence over a more general statute, and because §2255 is more specific than §2241, a federal prisoner may only rely on §2241 where §2255 is inadequate to provide the type of constitutional relief sought.[3] Accordingly, a grant of relief in cases involving federal custody may only be sought pursuant to 28 U.S.C. §2241 where there is ***either:***

1. a constitutional attack by a prisoner who is **in custody** on the **execution (and not the imposition)** of a federal conviction and/or sentence;[4] ***and/or,***

2. a constitutional attack by a prisoner who is **in custody** made **before the imposition** of the federal sentence.

Petitioner pled guilty on February 22, 2001 to charges made against him in 99-cr-631-4 (Document 468), and he was sentenced in 99-cr-631-4 on September 12,

---

[2]Where there is an attack on a federal conviction which does not involve a Constitutional argument, there is no right to habeas corpus relief, and the proper remedy lies in a request for a new trial pursuant to Federal Rule of Criminal Procedure 33. Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003). Where there is an attack on a federal sentence which does not involve a Constitutional argument, there is not right to habeas corpus relief, and the proper remedy lies in a request for a new sentence pursuant to Federal Rule of Criminal Procedure 35. USA v. Canino, 212 F.3d 383 (7th Cir. 2000).

[3]Cradle v. United States ex rel Miner, 290 F.3d 536 (3rd Cir. 2002). Accord, Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3rd Cir. 2005).

[4]Cradle v. United States ex rel Miner, 290 F.3d 536 (3rd Cir. 2002).

2

2002 (Document 750). On October 16, 2006, petitioner filed a petition in this court, pursuant to 28 U.S.C. §2255 in 99-cr-631-4 (Document 831), which the Clerk of this Court properly labeled 06-cv-4617. On July 12, 2007, this court granted the relief sought in 06-cv-4617, and entered an Order vacating the sentence in 99-cr-631-4 and further Ordering that petitioner was to remain in custody pending his re-sentencing. (Document 843). Petitioner was ultimately re-sentenced in 99-cr-631-4 on January 30, 2008 (Document 861).

On October 17, 2007, petitioner, who at that time was not under sentence, filed what he himself called a 28 U.S.C. §2241 motion, and which the Clerk of this Court properly labeled as 07-cv-4339. This petition argues that the statute he was convicted of violating was allegedly not enacted in a constitutional manner; this is clearly an allegation that petitioner's rights under the Fifth Amendment have been violated, for which relief is available after the time of sentencing only pursuant to 28 U.S.C. §2255; however, whereas he was not under sentence at that time, this petition could not be opened at the time of filing as a 28 U.S.C. §2255 petition and had to be opened as a 28 U.S.C. §2241 petition.

Currently, the fact is that petitioner is in custody pursuant to a sentence in federal court, and in 07-cv-4339, he makes a **constitutional** attack on the **imposition (and not the execution)** of this federal sentence in 99-cr-631-4. Pursuant to <u>USA v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), this court may not re-characterize such a document that is purportedly seeking 28 U.S.C. §2241 relief as a 28 U.S.C. §2255 petition without first:

    1.    notifying the petitioner that the court believes it is really a §2255 petition

3

   purporting to be something else; **_and_**,

2.  warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the AEDPA statute of limitations, as well as the second or successive rule created by AEDPA); **_and_**,

3.  getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. §2255 petition; **_and_**,

4.  informing the petitioner that he also has the option to voluntarily withdraw his submission.

Assuming that petitioner consents to the aforesaid re-characterization, then pursuant to Local Civil Rule 9.3(a), and Rule 2 of the Rules Governing 28 U.S.C. §2255 Proceedings in the United States District Courts, this petition was not filed with the requisite <u>current</u> standard 28 U.S.C. §2255 form, prescribed by this court, effective December 1, 2004. Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. §2255 habeas cases is necessary so as to guarantee that the defendant is made aware of the specific warnings required from this district court at the commencement of any 28 U.S.C. §2255 habeas case pursuant to <u>USA v. Thomas</u>, 221 F.3d 430 (3rd Cir. 2000) (which relates to the *strict* and *short* statute of limitations that exists for filing a 28 U.S.C. §2255 petition); and <u>USA v. Miller</u>, 197 F.3d 644 (3rd Cir. 1999) (which relates to the *strict* restrictions on filing a second or successive 28 U.S.C. §2255 petition) (these specific <u>Thomas</u> and <u>Miller</u> warnings are contained in the introductory text of this court's aforesaid current standard §2255 form). Whereas all district courts within the Third Circuit are required to give petitioners in §2255 cases these <u>Thomas</u> and <u>Miller</u> warnings at the time of filing, this court cannot "waive" the form requirements of Local Civil Rule 9.3(a).

Accordingly, this          22nd          Day of **March, 2008**, it is hereby

**ORDERED** as follows:

1. The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2255 (bearing the above-captioned civil action number).

2. Petitioner shall notify this court within thirty (30) days whether he consents to the reclassification of 07-cv-4339 as a 28 U.S.C. §2255 petition, and, if he does consent to such reclassification, he shall complete the enclosed 28 U.S.C. §2255 form and return it to this court.

4. Petitioner is formally placed on notice that if he insists that 07-cv-4339 proceed as a 28 U.S.C. §2241 petition, that 07-cv-4339 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

5. Petitioner is formally placed on notice that if he does not respond to this Order within thirty (30) days, that 07-cv-4339 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

_____
**ANITA B. BRODY, U.S. District Judge**